# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31314
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 29, 2016

Lyle W. Cayce
Clerk

HENRY KIMBALL,

Plaintiff-Appellant

v.

SERGEANT BENJAMIN; DOCTOR CLEVELAND; NATE CAIN,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CV-919

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Henry Kimball, Louisiana prisoner # 120724, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil suit as frivolous and for failure to state a claim upon which relief could be granted. In his complaint, Kimball alleged that the defendants were guilty of deliberate indifference and violating his constitutional right against cruel and unusual punishment. Specifically, Kimball accused Sergeant Benjamin of a failure to protect Kimball because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31314

Benjamin was not at his assigned duty post when Kimball was attacked by another prisoner.   Kimball alleged that Dr. Cleveland subjected him to unconstitutional conditions of confinement and inadequate medical treatment by placing him in the segregation unit where his pain and suffering were exacerbated because the temperatures rose above 100 degrees.   In addition, Kimball asserted that, as the leader of the prison, Warden Cain was responsible for the actions or inactions of his subordinates.   Kimball has also moved this court for the appointment of counsel.

We review the dismissal of a complaint as frivolous and for failure to state a claim de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Kimball does not challenge the district court's determination that defendant Cain could not be liable under the doctrine of vicarious liability or respondeat superior.   When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).   Accordingly, Kimball has abandoned his claims against Cain.  *Id.*

Regarding his failure to protect claim, Kimball does not establish that Sergeant Benjamin was deliberately indifferent to his health or safety.  *See Wilson v. Seiter*, 501 U.S. 294, 299-300 (1991).   Kimball alleged that another inmate scalded him with a mixture of hot coffee and magic shave and that during the incident, Sergeant Benjamin was away from his duty post engaged in non-work-related activities.  However, Kimball does not allege any facts that demonstrate that Sergeant Benjamin had actual knowledge that the offender posed a serious threat to Kimball's safety and disregarded that risk.  *See Whitley v. Hanna*, 726 F.3d 631, 641 (5th Cir. 2013).   Whether Sergeant Benjamin's abandonment of his duty post might have been negligent is immaterial as mere negligence is insufficient to support a claim for deliberate

2

indifference.  *See Longoria v. Texas*, 473 F.3d 586, 593 n.9 (5th Cir. 2006); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).  Accordingly, the district court properly determined that Kimball failed to establish that Sergeant Benjamin was liable.  *Rogers v. Boatright*, 709 F.3d 403, 407-08 (5th Cir. 2013); *Longoria*, 473 F.3d at 592-93

Regarding his unconstitutional conditions of confinement and failure to provide adequate medical care claims, Kimball also fails to establish that Dr. Cleveland acted with deliberate indifference.  *See Wilson*, 501 U.S. at 304.  Kimball argues that Dr. Cleveland deprived him of the "minimal civilized measure of life's necessities" when he ordered nurses to place him in the non-air-conditioned segregation unit after his return from the hospital on the day of the incident.  Even if Kimball could show that Dr. Cleveland violated the Eighth Amendment by ordering Kimball to be housed in a unit with temperature extremes, Kimball does not allege that he informed officials that the temperatures were causing his burns to be more painful nor does he allege that Dr. Cleveland knew about the uncomfortable temperatures and failed to take action to alleviate Kimball's pain and suffering.  Moreover, the record reveals that Dr. Cleveland, upon personally evaluating Kimball's medical condition, was attentive to Kimball's safety and needs, by placing Kimball in medical isolation, providing daily antibiotics, and regularly observing the healing process.  Accordingly, the district court properly determined that Kimball failed to establish an Eighth Amendment claim against Dr. Cleveland.  *See Wilson*, 501 U.S. at 298; *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

We are not required to appoint counsel for an indigent plaintiff in a civil suit unless exceptional circumstances exist warranting such an appointment.  *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).  Kimball's claims are

not particularly complex and, given the number and length of his filings, he has demonstrated that he is capable of competently proceeding through the court system without the assistance of counsel. Accordingly, we deny his motion for the appointment of counsel. *See id.*; *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007).

The district court's dismissal of Kimball's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Kimball is cautioned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

**AFFIRMED; MOTION DENIED; SANCTION WARNING ISSUED.**